UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**JENNIFER CATRICE HILL,**
*et al.*,
    Plaintiffs,

v.

**META PLATFORMS, INC.,** *et al.*,
    Defendants.

Case No. 4:22-cv-1-CLM

## ORDER OF DISMISSAL

    Four plaintiffs brought a class actions raising federal antitrust and state-law claims against Meta Platforms, Mark Zuckerberg, and Starbelt, on January 1, 2022. (Doc. 1). The defendants moved to dismiss the plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) on April 28, 2022. (Doc. 7). The Court then entered a text order setting a briefing schedule:

> The Court sets the following briefing schedule regarding the defendants' motion to dismiss. (Doc. 7). The Court orders the plaintiffs to file a single response (limited to 35 pages) on or before Friday, May 27, 2022. The defendants may file a reply (limited to 20 pages) on or before Friday, June 10, 2022. (Doc. 8).

(Doc. 8). The plaintiffs' response, therefore, was due on May 27, 2022.

    As of June 15, 2022, the plaintiffs had not yet filed a response, so the Court entered a show-cause order that ordered them to explain "why this action should not be dismissed." (Doc. 17 at 2). The order recognized that the defendants' arguments are "not 'clearly incorrect or inadequate to satisfy [their] initial burden' as to each of the plaintiffs' claims." (*Id.*). And it warned the plaintiffs that their "failure to response to [the show-cause order] will result in immediate and prejudicial dismissal." (*Id.*).

    The same day (in fact, shortly *before* the Court entered the show-cause order), the plaintiffs filed a motion for a 45-day extension of time to oppose the

motion to dismiss. (Doc. 16). So the Court rescinded the show-cause order and ordered the plaintiffs to file their response in opposition on or before July 29, 2022. (Doc. 18). On August 5, the defendants' filed a notice explaining that the plaintiffs had again missed their deadline. (Doc. 19).

It is August 24, and the plaintiffs *still* have not filed any response to the defendants' motion to dismiss. The defendants' arguments, again, are not "clearly incorrect or inadequate to satisfy [their] initial burden" as to each of the plaintiffs' claims. *See Gailes v. Marengo Cnty. Sheriff's Dep't*, 916 F. Supp. 2d 1238, 1243 & n.9 (S.D. Ala. 2013). And the plaintiffs have fairly been warned of the consequences of their failure to respond in a timely manner to the defendants' motion to dismiss. (*See* doc. 17).

Given the plaintiffs' failure to respond to the defendants' facially meritorious arguments in favor of dismissal, the Court **GRANTS** the defendants' motion to dismiss (doc. 7) and **DISMISSES** this case **WITH PREJUDICE**. The Court instructs the Clerk of Court to close this case.

**DONE** and **ORDERED** on August 24, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE